**Flamm Walton Heimbach**
Matthew A. Foley (ID No. 010902006)
mafoley@flammlaw.com
794 Penllyn Pike, Suite 100
Blue Bell, PA 19422-1669
267-419-1500\
267-419-1560 (fax)
*Attorney for Defendant FutureNet, Inc.*

## IN THE UNITED STATES DISTRICT COURT FOR
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Tanise Hyman**<br>**P.O. Box 372**<br>**Mount Laurel, NJ  08054**<br>　　　　　　Plaintiff, | : <br> : <br> : <br> : <br> : | |
| **v.** | : <br> : | CIVIL ACTION NO. |
| **FutureNet, Inc.,**<br>**4548 Market Street**<br>**Philadelphia, PA  19139**<br>　　　and<br>**Philadelphia International Airport**<br>**8000 Essington Avenue**<br>**Philadelphia, PA  19153**<br>　　　and<br>**Elliott-Lewis Corporation**<br>**2900 Black Lake Place**<br>**Philadelphia, PA  19154**<br>　　　and<br>**City of Philadelphia**<br>**One Parkway Building, 14th Floor**<br>**1515 Arch Street**<br>**Philadelphia, PA  19102**<br>　　　　　　Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | |

## <u>NOTICE OF REMOVAL</u>

**TO:   UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

Defendant FutureNet, Inc., through its counsel Flamm Walton Heimbach, hereby

notifies this Honorable Court of the removal of the above case presently pending in the

Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania and, in support thereof, states as follows:

1. This action is being removed to federal court based upon federal question jurisdiction under the Civil Rights Act 1964, 42 U.S.C. § 2000e, *et seq.*

2. On or about September 6, 2019, Plaintiff filed a Complaint in the above-captioned matter in the Court of Common Pleas of Philadelphia County docketed at No. 190301238. A true and correct copy of this document is attached hereto as Exhibit "A."

3. Defendant was served with the Complaint on or about September 6, 2019.

4. This Court has federal question jurisdiction over the action because Plaintiff has alleged a cause of action for sexual discrimination under the Civil Rights Act 1964, 42 U.S.C. § 2000e, *et seq.*

5. This action is therefore a suit of a wholly civil nature of which the United States District Court for the Eastern District of Pennsylvania has original federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 621 *et seq.* Accordingly, this action may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(a) and (b).

6. Venue is proper in the United States District Court for the Eastern District of Pennsylvania because Philadelphia is located within said district.

7. Pursuant to 28 U.S.C. § 1446(b), this Notice is being filed within 30 days of service of the initial pleading setting forth a cause of action under the Civil Rights Act 1964, 42 U.S.C. § 2000e, *et seq.*

8. Defendant Elliot-Lewis Corporation consents to this removal. A true and correct copy of its consent is attached hereto as Exhibit "B."

2

9.    Defendants Philadelphia International Airport and the City of Philadelphia also consent to this removal. A true and correct copy of their consent is attached hereto as Exhibit "C."

WHEREFORE, Defendant hereby removes this action from the Court of Common Pleas of Philadelphia to the United States District Court for the Eastern District of Pennsylvania and notifies said district court of same.

Matthew A. Foley (I.D. No. 010902006)
mafoley@flammlaw.com
**Flamm Walton Heimbach**
794 Penllyn Pike
Blue Bell, PA 19422
Telephone: (267) 419-1500
Fax: (267) 419-1560

*Attorneys for Defendant FutureNet, Inc.*

Dated: September 26, 2019

3

# EXHIBIT "A"

| Court of Common Pleas of Philadelphia County | For Prothonotary Use Only (Docket Number) |
|---|---|

## Trial Division
# Civil Cover Sheet

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| Tanise Hyman | Futurenet Inc. |

*Filed and Attested by the Office of Judicial Records 06 SEP 2019 04:33 pm M. RUSSO*

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| P.O. Box 372, Mount Laurel, NJ 08054 | 4548 Market Street, Philadelphia, PA 19[...] |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | Philadelphia International Airport |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 800 Essington Avenue, Philadelphia, PA 19153 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | Elliot-Lewis Corporation |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 2900 Black Late Place, Philadelphia, PA 19154 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NO. OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 4 | ☒ Complaint    ☐ Petition Action    ☐ Notice of Appeal<br>☐ Writ of Summons    ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☒ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Minor Court Appeal<br>☐ Statutory Appeals<br>☐ Commerce (Completion of Addendum Required) | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

CASE TYPE AND CODE (SEE INSTRUCTIONS)

1E Employment/Wrongful Discharge

STATUTORY BASIS FOR CAUSE OF ACTION (SEE INSTRUCTIONS)

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|
| | Yes    No<br>☐    ☐<br>☐    ☐<br>☐    ☐ |

### TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant:

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS (SEE INSTRUCTIONS) |
|---|---|
| Gregg L. Zeff, Esquire | Zeff Law Firm, LLC<br>100 Century Parkway, Suite 160<br>Mount Laurel, NJ 08054 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (856)778-9700 | (609)534-0992 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 52648 | GZeff@glzefflaw.com |

| SIGNATURE | DATE |
|---|---|
| *Gregg L. Zeff, Esquire* | September 6, 2019 |

01-101 (Rev. 6/08)

Case ID: 190301238

## Instructions for Completing Civil Cover Sheet

Rules of Court require that a Civil Cover Sheet be attached to any document commencing an action (whether the action is commenced by Complaint, Writ of Summons, Notice of Appeal, or by Petition). The information requested is necessary to allow the Court to properly monitor, control and dispose cases filed. A copy of the Civil Cover Sheet must be attached to service copies of the document commencing an action. The attorney or non-represented party filing a case shall complete the form as follows:

**A. Parties**

   *i. Plaintiffs/Defendants*
   Enter names (last, first, middle initial) of plaintiff, petitioner or appellant ("plaintiff") and defendant. If the plaintiff or defendant is a government agency or corporation, use the full name of the agency or corporation. In the event there are more than three plaintiffs and/or three defendants, list the additional parties on the Supplemental Parties Form. Husband and wife are to be listed as separate parties.

   *ii. Parties' Addresses*
   Enter the address of the parties at the time of filing of the action. If any party is a corporation, enter the address of the registered office of the corporation.

   *iii. Number of Plaintiffs/Defendants:* Indicate the total number of plaintiffs and total number of defendants in the action.

**B. Commencement Type:** Indicate type of document filed to commence the action.

**C. Amount in Controversy:** Check the appropriate box.

**D. Court Program:** Check the appropriate box.

**E. Case Types:** Insert the code number and type of action by consulting the list set forth hereunder. To perfect a jury trial, the appropriate fees must be paid as provided by rules of court.

### Proceedings Commenced by Appeal

Minor Court
   5M   Money Judgment
   5L   Landlord and Tenant
   5D   Denial Open Default Judgment
   5E   Code Enforcement
        Other:
Local Agency
   5B   Motor Vehicle Suspension -
        Breathalizer
   5V   Motor Vehicle Licenses,
        Inspections, Insurance
   5C   Civil Service
   5K   Philadelphia Parking Authority
   5Q   Liquor Control Board
   5R   Board of Revision of Taxes
   5X   Tax Assessment Boards
   5Z   Zoning Board
   52   Board of View
   51   Other:
Other:

### Proceedings Commenced by Petition
   8P   Appointment of Arbitrators
   8C   Name Change - Adult
   8L   Compel Medical Examination
   8D   Eminent Domain
   8E   Election Matters
   8F   Forfeiture
   8S   Leave to Issue Subpoena
   8M   Mental Health Proceedings
   8G   Civil Tax Case - Petition
   Other:

### Actions Commenced by Writ of Summons or Complaint

Contract
   1C   Contract
   1T   Construction
   1O   Other:
Tort
   2B   Assault and Battery
   2L   Libel and Slander
   4F   Fraud
   1J   Bad Faith
   2E   Wrongful Use of Civil Process
        Other:
Negligence
   2V   Motor Vehicle Accident
   2H   Other Traffic Accident
   1F   No Fault Benefits
   4M   Motor Vehicle Property Damage
   2P   Personal Injury - FELA
   2O   Other Personal Injury
   2S   Premises Liability - Slip & Fall
   2P   Product Liability
   2T   Toxic Tort
        *T1   Asbestos*
        *TZ   DES*
        *T2   Implant*
   3E   Toxic Waste
        Other:

Professional Malpractice
   2D   Dental
   4L   Legal
   2M   Medical
   4Y   Other:
1G Subrogation
Equity
   E1   No Real Estate
   E2   Real Estate
   1D   Declaratory Judgment
   M1   Mandamus
Real Property
   3R   Rent, Lease, Ejectment
   Q1   Quiet Title
   3D   Mortgage Foreclosure - Residential
        Owner Occupied
   3F   Mortgage Foreclosure - Not Residential
        Not Owner Occupied
   1L   Mechanics Lien
   P1   Partition
        Prevent Waste
   IV   Replevin
1H Civil Tax Case - Complaint
   Other:

**F. Commerce Program**
Commencing January 3, 2000 the First Judicial District instituted a Commerce Program for cases involving corporations and corporate law issues, in general. If the action involves corporations as litigants or is deemed a Commerce Program case for other reasons, please check this block AND complete the information on the "Commerce Program Addendum". For further instructions, see Civil Trial Division Administrative Docket 01 of 2000.

**G. Statutory Basis for Cause of Action**
If the action is commenced pursuant to statutory authority ("Petition Action"), the specific statute must be identified.

**H. Related Pending Cases**
All previously filed related cases, regardless of whether consolidated by Order of Court or Stipulation, must be identified.

**I. Plaintiff's Attorney**
The name of plaintiff's attorney must be inserted herein together with other required information. In the event the filer is not represented by an attorney, the name of the filer, address, the phone number and signature is required.

## The current version of the Civil Cover Sheet may be downloaded from the FJD's website
### http://courts.phila.gov

01-101 (Reverse)

Case ID: 190301238

## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
## COURT OF COMMON PLEAS OF PHILADELPHIA

Tanise Hyman

v.

FutureNet INC,
AND
Philadelphia International Airport
AND
Elliot-Lewis Corporation
AND
City of Philadelphia

## NOTICE TO DEFEND

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

Philadelphia Bar Association
Lawyer Referral
and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

*Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

Asociacion De Licenciados
De Filadelfia
Servicio De Referencia E
Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

10-284

**ZEFF LAW FIRM, LLC**
Gregg L. Zeff, Esquire # 52648
Eva C. Zelson, Esquire # 320699
100 Century Parkway, Suite 160
Mount Laurel, NJ 08046
Gzeff@elzefflaw.com

*Attorneys for Plaintiff*

## IN THE COURT OF COMMON PLEAS
### PHILADELPHIA COUNTY

| | |
|---|---|
| TANISE HYMAN | CIVIL ACTION |
| P.O. Box 372, | |
| Mount Laurel, NJ 08054 | No. 190301238 |
| Plaintiff, | |
| v. | |
| FUTURENET, INC. | |
| 4548 Market Street | |
| Philadelphia, PA 19139 | |
| AND | |
| PHILADELPHIA INTERNATIONAL AIRPORT | |
| 8000 Essington Avenue | |
| Philadelphia, PA 19153 | |
| AND | JURY TRIAL DEMANDED |
| ELLIOT-LEWIS CORPORATION | |
| 2900 Black Lake Place | |
| Philadelphia, PA 19154 | |

Case ID: 190301238

AND

CITY OF PHILADELPHIA

One Parkway Building, 14th Floor

1515 Arch Street

Philadelphia, PA 19102

*Defendants.*

## CIVIL COMPLAINT

Plaintiff, Tanise Hyman, by and through her attorneys, Zeff Law Firm, LLC, hereby brings this Complaint against the above-named Defendant and avers the following:

## PARTIES

1. Plaintiff, Tanise Hyman, is a former employee of Defendants and resides at the above address.

2. Defendant FutureNet Inc. ("Defendant FutureNet") is a marketing company operating at the above address.

3. Defendant Philadelphia International Airport ("Defendant Airport") is an airport, owned and operated by Defendant City of Philadelphia, located at the above address.

4. Defendant Elliot-Lewis Corporation ("Defendant Elliot-Lewis") is a mechanical service company operating at the above address.

5. Defendant City of Philadelphia ("Defendant City") was at all times relevant hereto a municipality with offices located at the above address.

6. All Defendants were, at all times relevant herein, joint employers of Plaintiff.

## JURISDICTION AND VENUE

7. Jurisdiction is properly laid in this Court as all Defendants are subject to personal jurisdiction in the state of Pennsylvania.

Case ID: 190301238

8. Moreover, Plaintiff's cause of action arises out of Defendants' acts and/or omissions, which occurred in Philadelphia County, Pennsylvania.

## STATEMENT OF FACTS

9. At all times relevant herein, Defendant FutureNet was contracted through Defendant Eliot-Lewis to provide information technology support for client Defendant Airport, which is and was controlled by Defendant City.

10. Plaintiff began working for Defendants on or around July 30, 2018.

11. Plaintiff was qualified for her position, and performed well throughout the entirety of her employment.

12. Immediately upon beginning her employment with Defendants, Plaintiff began to be sexually harassed by two (2) Information Technology consultants employed by Defendant FutureNet, Carl Howard ("Howard") and Wayne Lawrence ("Lawrence").

13. Plaintiff was subjected to sexual harassment during the entirety of her employment with Defendants. The sexual harassment was severe, and occurred almost daily.

14. At the start of Plaintiff's employment, Plaintiff shared a cubicle with Howard. Each time Plaintiff needed to leave the cubicle Howard would position himself to so that his legs and body would touch Plaintiff.

15. Plaintiff made it clear that this touching was unwanted, but Howard refused to stop.

16. Further, Howard made sexually-charged comments toward Plaintiff, and commented that he would like to date someone like Plaintiff.

17. Plaintiff informed Howard that his advances were unwelcome.

18. On or around August 8, 2018 Lawrence wrote a note on Plaintiff's notepad saying "I like you!".

19. Shortly thereafter, Lawrence began caressing Plaintiff's hand as the two worked to repair a kiosk.

20. About a week later, Lawrence asked Plaintiff how she liked to have sex and whether she liked to be "licked".

21. Several days later Lawrence kissed Plaintiff on her back.

22. Plaintiff repeatedly informed Lawrence that his comments and advances were unwelcome and unwanted.

23. On or around August 24, 2018 Lawrence began to retaliate against Plaintiff for not giving into his advances by mistreating her.

24. Specifically, Lawrence began constantly disrespecting and belittling Plaintiff in front of other employees.

25. Further, Lawrence continued to constantly sexually harass and sexually assault Plaintiff.

26. On or around August 27, 2018 Plaintiff again asked Lawrence to stop sexually assaulting her.

27. On or around August 27, 2018, Plaintiff made a complaint of sexual harassment to Defendant Airport's Human Resources Department.

28. Plaintiff requested that Defendant's Human Resources Department provide sexual harassment training.

29. By way of response, the Human Resources Department informed Plaintiff that she would have to make a written request for training and would have to submit certain forms before training was allowed.

30. On or around August 30, 2018 Lawrence sent Plaintiff a text message asking if she was naked.

31. On or around August 31, 2018 Lawrence purposefully rubbed up against Plaintiff while she was working.

32. Further, Lawrence sent Plaintiff multiple texts and calls praising Plaintiff's appearance.

33. On or around September 8, 2018, Lawrence again made sexual advances toward Plaintiff. After Plaintiff rejected these advances, Lawrence also sent inappropriate text messages to Plaintiff about a woman's breasts and bra.

34. In or around October 17, 2018 Lawrence brushed his body against Plaintiff in front of other employees.

35. On or around October 26, 2018 Lawrence admitted to Plaintiff that he was touching her inappropriately.

36. Multiple employees witnessed the sexual harassment of Plaintiff, and Plaintiff discussed the sexual harassment with several employees.

37. On or around September 10, 2018, Plaintiff received a form to request sexual harassment training.

38. On or around September 11, 2018, Noel Lowe, CEO of Defendant FutureNet forbade Plaintiff to follow-through with her request for sexual harassment training.

39. In or around September 15, 2018 Plaintiff noticed discrepancies on timesheet entries, and unapproved hours paid to various employees employed by Defendant FutureNet.

40. Plaintiff had a meeting with one of these employees, "Timon" to discuss the fact that he appeared to be stealing time and working certain shifts without authorization.

41. During the conversation, Timon became hostile toward Plaintiff.

42. On or around September 20, 2018 Plaintiff reported to Noel Lowe CEO of Defendant FutureNet that Timon was committing timecard fraud.

43. On or around August 21, 2018, Plaintiff was informed that she would be required to perform the duties of a position at a higher level, but would not receive a formal title change.

44. Plaintiff was out on bereavement leave and training from September 26, 2018 through October 1, 2018. Plaintiff emailed the entire team with directives they would need to complete the week she was out. During that time Plaintiff was informed that Timon and one of his coworkers were insubordinate and campaigned against following any of Plaintiff's directives.

45. Timon and coworkers he was close with continued this campaign of harassment against Plaintiff throughout Plaintiff's employment.

46. On or around October 26, 2018 Lawrence admitted to Plaintiff that he also had committed time theft.

47. In or around October of 2018, Noel Lowe CEO of Defendant FutureNet informed Plaintiff that there was an issue with her compensation. The issue arose from the fact that the supervisor supposedly did not believe Plaintiff deserved the pay rate her new title demanded.

48. As a result of the issue, Plaintiff was not paid properly and was in fact underpaid for six (6) weeks.

49. Further, there were unexplained deductions taken out of Plaintiff's paycheck.

50. Following this, the supervisor continued to constantly undermine Plaintiff.

51. Plaintiff attempted to have Timon terminated for time theft and insubordination, but was not allowed to do so.

Case ID: 190301238

52. Thereafter, Plaintiff reported Timon's time theft to a higher level supervisor.

53. Following this, Defendant FutureNet employees increased their retaliation against Plaintiff.

54. Thereafter, Plaintiff again spoke with Defendant Airport's Human Resources Department about the ongoing sexual harassment to which she was still being subjected.

55. The Human Resources employee Plaintiff spoke with informed Plaintiff that Lawrence had a "reputation" and that Human Resources was aware of the ongoing sexual harassment.

56. Plaintiff also reported to Human Resources that she had attempted to organize sexual harassment training but was denied by a supervisor for Defendant FutureNet.

57. Following this, Plaintiff began to be excluded from meetings that were central to the performance of Plaintiff's job duties.

58. This exclusion altered Plaintiff's working environment.

59. Further, Defendant Elliot-Lewis began denying Plaintiff access to timesheet entries, even though the review of said entries was a core component of Plaintiff's job.

60. In or around November of 2018, Plaintiff was terminated by Defendants.

**COUNT ONE**
**42 Pa.C.S. § 1421, *et seq.***
**PENNSYLVANIA WHISTLEBLOWER LAW**
**Plaintiff v. All Defendants**

61. Plaintiff incorporates the preceding paragraphs of this Complaint, as if the same were set forth herein at length.

62. The Pennsylvania Whistleblower Law, 42 Pa.C.S. § 1421, *et seq.* prevents a public employer from disciplining or firing an employee who makes a good faith report or is about to report, verbally or in writing, to the employer or appropriate authority, an instance of wrongdoing or waste.

63. All Defendants either received funding from the government or contracted with the government during the relevant time period.

64. Plaintiff reported that various employees were committing timecard fraud, which Plaintiff reasonably believed was an instance of wrongdoing and/or waste.

65. Defendants harassed Plaintiff, failed to pay her adequately and terminated her employment because of Plaintiff's complaints of wrongdoing and/or waste.

WHEREFORE, Plaintiff respectfully requests this Honorable Court award:

(A) Compensatory damages in an amount to be proven at trial;

(B) Any actual damages incurred by Plaintiff;

(C) Injunctive relief;

(D) Costs of litigation and reasonable attorney's fees; and

(E) Any other remedy the Court finds to be just.

## COUNT TWO
## PENNSYLVANIA HUMAN RELATIONS ACT, 43 P.S. § 951-963, *et seq.*
## HOSTILE WORK ENVIRONMENT: SEX
### Plaintiff v. All Defendants

66. Plaintiff incorporates the preceding paragraphs of this Complaint, as if the same were set forth herein at length.

67. Defendants have violated the Pennsylvania Human Relations Act, 43 P.S. § 951-963, *et seq.*, by subjecting Plaintiff to a hostile work environment based on sex as described in the facts above.

WHEREFORE, Plaintiff respectfully requests this Honorable Court award:

(A) Compensatory damages in an amount to be proven at trial;

(B) Any actual damages incurred by Plaintiff;

(C) Injunctive relief;

(D) Costs of litigation and reasonable attorney's fees; and

(E) Any other remedy the Court finds to be just.

## COUNT THREE
## PENNSYLVANIA HUMAN RELATIONS ACT, 43 P.S. § 951-963, *et seq.*
## RETALIATION
### Plaintiff v. All Defendants

68. Plaintiff incorporates the preceding paragraphs of this Complaint, as if the same were set forth herein at length.

69. Plaintiff engaged in activity protected by the Pennsylvania Human Relations Act.

70. Plaintiff complained of discrimination internally.

Case ID: 190301238

71. Thereafter, Defendants took adverse employment actions against Plaintiff, including, but not limited to, termination.

72. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

WHEREFORE, Plaintiff respectfully requests this Honorable Court award:

(A) Compensatory damages in an amount to be proven at trial;

(B)   Any actual damages incurred by Plaintiff;

(C)   Injunctive relief;

(D)   Costs of litigation and reasonable attorney's fees; and

(E)   Any other remedy the Court finds to be just.


## COUNT FOUR
### Philadelphia Fair Practices Ordinance, 9 Phila. Code § 1101 *et seq.*
### HOSTILE WORK ENVIRONMENT: SEX
### Plaintiff v. All Defendants

73. Plaintiff incorporates the preceding paragraphs of this Complaint, as if the same were set forth herein at length.

74. Defendants have violated 9 Phila. Code § 1101 *et seq.* by subjecting Plaintiff to a hostile work environment on the basis of Plaintiff's sex as described in the preceding paragraphs.

WHEREFORE, Plaintiff respectfully requests this Honorable Court award:

(A) Compensatory damages in an amount to be proven at trial;

(B)   Any actual damages incurred by Plaintiff;

(C)   Injunctive relief;

(D)   Costs of litigation and reasonable attorney's fees; and

(E)   Any other remedy the Court finds to be just.

Case ID: 190301238

## COUNT FIVE
### Philadelphia Fair Practices Ordinance, 9 Phila. Code § 1101 *et seq.*
### RETALIATION
### Plaintiff v. All Defendants

75. Plaintiff incorporates the preceding paragraphs of this Complaint, as if the same were set forth herein at length.

76. Plaintiff engaged in activity protected by the Philadelphia Fair Practices Ordinance.

77. Plaintiff complained of discrimination internally.

78. Thereafter, Defendants took adverse employment actions against Plaintiff, including, but not limited to, termination.

79. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

WHEREFORE, Plaintiff respectfully requests this Honorable Court award:

(A) Compensatory damages in an amount to be proven at trial;

(B)   Any actual damages incurred by Plaintiff;

(C)   Injunctive relief;

(D)   Costs of litigation and reasonable attorney's fees; and

(E)   Any other remedy the Court finds to be just.

## COUNT SIX
### Title VII of the Civil Rights Act of 1964
### HOSTILE WORK ENVIRONMENT: SEX
### Plaintiff v. All Defendants

80. Plaintiff incorporates the preceding paragraphs of this Complaint, as if the same were set forth herein at length.

81. Defendants have violated Title VII, 42 U.S.C. § 2000(e), *et seq.* by subjecting Plaintiff to a hostile work environment on the basis of Plaintiff's sex as described in the preceding paragraphs.

Case ID: 190301238

WHEREFORE, Plaintiff respectfully requests this Honorable Court award:

(A) Compensatory damages in an amount to be proven at trial;

(B)    Any actual damages incurred by Plaintiff;

(C)    Injunctive relief;

(D)    Costs of litigation and reasonable attorney's fees; and

(E)    Any other remedy the Court finds to be just.

## COUNT SEVEN
### Title VII of the Civil Rights Act of 1964
### RETALIATION
### Plaintiff v. All Defendants

82. Plaintiff incorporates by reference all proceeding paragraphs.

83. Plaintiff engaged in activity protected by Title VII.

84. Plaintiff complained of discrimination internally.

85. Thereafter, Defendants took adverse employment actions against Plaintiff, including, but not limited to, termination.

86. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

WHEREFORE, Plaintiff respectfully requests this Honorable Court award:

(A) Compensatory damages in an amount to be proven at trial;

(B)    Any actual damages incurred by Plaintiff;

(C)    Injunctive relief;

(D)    Costs of litigation and reasonable attorney's fees; and

(E)    Any other remedy the Court finds to be just.

ZEFF LAW FIRM, LLC

/s/*Gregg L. Zeff, Esq.*
Gregg L. Zeff, Esq.
*Attorneys for Plaintiff*

Dated: September 6, 2019

## JURY TRIAL DEMANDED

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter is controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time any other action or arbitration proceeding contemplated.

**ZEFF LAW FIRM,**

/s/*Gregg L. Zeff, Esq.*
Gregg L. Zeff, Esq.
*Attorneys for Plaintiff.*

Dated: September 6, 2019

Case ID: 190301238

## VERIFICATION

I, Gregg L. Zeff, Esquire, am attorney for the Plaintiff in the within action, and I certify that the statements of fact in the within Complaint are true and correct to the best of my knowledge, or, my information and belief. A party Verification will be immediately substituted. This Verification is made subject to the penalties of 18 Pa.C.S. Section 4904 relating to unsworn falsification to authorizes.

ZEFF LAW FIRM, LLC

/s/Gregg L. Zeff, Esq.
Gregg L. Zeff, Esquire
*Attorneys for Plaintiff*

September 6, 2019

# EXHIBIT "B"

**JACKSON LEWIS P.C.**
Eileen K. Keefe (PA #93194)
Timothy M. McCarthy (PA #319308)
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
T: (267) 319-7802
F: (215) 399-2249

ATTORNEYS FOR DEFENDANT
ELLIOTT-LEWIS CORPORATION

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TANISE HYMAN, | |
| Plaintiff, | CIVIL ACTION |
| v. | 19- |
| FUTURENET, INC.,<br>PHILADELPHIA INTERNATIONAL<br>AIRPORT,<br>ELLIOTT-LEWIS CORPORATION, and<br>CITY OF PHILADELPHIA<br>Defendants. | |

## CONSENT TO REMOVE

1.      Defendant Elliott-Lewis Corporation ("Elliott-Lewis") was sued as a defendant in the above-captioned matter. The matter was originally filed in the Court of Common Pleas of Philadelphia County and docketed as No. 190301238.

2.      Elliott-Lewis fully consents to the removal of this matter from the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania.

3.      The undersigned counsel represents Elliott-Lewis in the above-captioned matter.

4.    I state that I, Timothy M. McCarthy, am competent and authorized to sign this consent form.

JACKSON LEWIS P.C.

*/s Timothy M. McCarthy*
Eileen K. Keefe (PA #93194)
Timothy M. McCarthy (PA #319308)
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
T: (267) 319-7802
F: (215) 399-2249
Eileen.keefe@jacksonlewis.com
timothy.mccarthy@jacksonlewis.com

Dated: September 19, 2019

ATTORNEYS FOR DEFENDANT
ELLIOTT-LEWIS CORPORATION

# EXHIBIT "C"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TANISE HYMAN, | : | |
|            Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | 19- |
| | : | |
| FUTURENET, INC., | : | |
| PHILADELPHIA INTERNATIONAL | : | |
| AIRPORT, | : | |
| ELLIOTT-LEWIS CORPORATION, | : | |
| CITY OF PHILADELPHIA | : | |
|            Defendants. | : | |

## CONSENT TO REMOVE

1.  Defendants Philadelphia International Airport and the City of Philadelphia (collectively, "City Defendants") were sued as defendants in the above-captioned matter. The matter was originally filed in the Court of Common Pleas of Philadelphia County and docketed as No. 190301238.

2.  City Defendants fully consent to the removal of this matter from the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania.

3.  I, Nicole S. Morris, Esquire, represent City Defendants in the above-captioned matter.

4.  I state that I am competent to sign this consent form.

Date: 9/18/19

/s/ Nicole S. Morris
NICOLE S. MORRIS, ESQ.
Chief Deputy City Solicitor
Pa Id No.: 88265
City of Philadelphia Law Department
Labor and Employment Unit
1515 Arch Street, 16th Floor
Philadelphia, PA 19102
Phone: (215) 683-5075